UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Gary Sass,<br><br>              Plaintiff,<br><br>    - against -<br><br>New York City Transit Authority, Metropolitan Transit Authority, MTA Bus Company, Manhattan and Bronx Surface Transportation Operating Authority and MTA Regional Bus Operations,<br><br>              Defendants. | 21 Civ. 4255   (  )(  )<br><br>Complaint and Demand for Jury Trial |

Plaintiff, by his attorney, Michael G. O'Neill, complains against the defendants as follows:

1. This Court has jurisdiction under 28 U.S.C. 1331, 28 U.S.C. § 1343(4), 28 U.S.C. §1367, 29 USC §626 and 42 U.S.C. §2000e.

2. Venue is properly situated in the Eastern District of New York pursuant to 28 U.S.C.A. § 1391 because one or more defendants resides in this district.

3. Plaintiff is an individual.

4. Defendant Metropolitan Transit Authority (the "MTA") is a public authority created by the State of New York.

5. Defendants New York City Transit Authority ("NYCTA"), MTA Bus Company ("MTAB"), Manhattan and Bronx Surface Transportation Operating Authority ("MBSTOA") and MTA Regional Bus Operations ("RBO") are subsidiaries of the MTA that operate busses in the New York City metropolitan area.

6. Plaintiff was formerly employed by MTAB as a supervisor from about 2007 through 2009.

7. In late 2009, plaintiff was terminated by MTAB.

8. Plaintiff subsequently filed an EEOC charge against MTAB.

9. Eventually, plaintiff filed a lawsuit (the "First Lawsuit") against MTAB in the United States District Court for the Eastern District of New York.

10. Plaintiff alleged in the First Lawsuit that he had been terminated in retaliation for reporting his supervisor's failure to follow company procedure with respect to anti-semitic paraphernalia that plaintiff had discovered in the workplace.

11. Plaintiff alleged that his termination was in violation of Title VII of the Civil Rights Act of 1964.

12. The First Lawsuit went to trial and resulted in a large jury verdict in plaintiff's favor.

13. Plaintiff was born in 1957.

14. Plaintiff has been a mechanic all his life, chiefly a bus mechanic.

15. The subsidiaries of MTA are the largest employer by far of bus mechanics in the New York City area.

16. On several occasions, plaintiff took civil service service exams for bus mechanics for various subsidiaries of the MTA.

17. On all occasions, plaintiff scored very high, sometimes within the top 10.

18. Despite these scores, plaintiff has never been hired by any MTA subsidiary.

19. Most recently, on December 7, 2018, plaintiff received word that he was "considered and not selected" for the position of bus maintainer (i.e., mechanic). This position was being filled from a civil service list created from exam S602.

20. Upon information and belief, "considered and not selected" is part of a process known as the "rule of threes" under the Civil Service Rules of New York City Department of Citywide Administrative Services ("DCAS").

21. Under the DCAS "rule of threes," an agency has almost unfettered discretion in hiring decisions.

22. The MTA operates its bus subsidiaries as a single business unit.

23. Upon information and belief, the management of the MTA bus subsidiaries is unified and that any corporate distinctions between these subsidiaries are largely fictions.

24. Upon information and belief, plaintiff has been blackballed by the MTA from working in any of its subsidiaries.

25. Plaintiff is a very competent bus mechanic.

26. He has been a mechanic since the 1970s, and he has always scored well on the civil service exams, which test mechanical competence.

27. If the MTA and its subsidiaries were interested in hiring the best possible bus mechanics, there would be no reason for plaintiff to be passed up repeatedly for such jobs.

28. Upon information and belief, most of the mechanics hired by defendants have

been significantly younger than plaintiff.

29. Upon information and belief, defendants refused to hire plaintiff as a bus mechanic because he had previously sued the MTA for unlawful retaliation, because of his age, or because of some combination of the two.

30. On about March 12, 2019, plaintiff filed charges of age discrimination and unlawful retaliation with the United States Equal Employment Agency ("EEOC").

31. Plaintiff's charge of discrimination was referred to the New York State Division of Human Rights ("NYSDHR").

32. After investigation, on or about January 15, 2020, the NYSDHR issued its determination that probable cause existed to believe that defendants engaged in the unlawful employment practices complained of by plaintiff.

33. On about June 17, 2021, the EEOC issued its right to sue letter to plaintiff.

34. Plaintiff has satisfied all conditions precedent to bringing this lawsuit.

## FIRST CLAIM
### (Title VII – Retaliation)

35. Based on the foregoing, plaintiff alleges that defendant unlawfully retaliated against him for engaging in the protected activity alleged hereinabove, in violation of the anti-retaliation provisions of Title VII.

## SECOND CLAIM
### (New York Executive Law 296– Retaliation)

36. Based on the foregoing, plaintiff alleges that defendant unlawfully retaliated

against him for engaging in the protected activity alleged hereinabove, in violation of the anti-retaliation provisions of the New York Executive Law.

## THIRD CLAIM
### (New York City Human Rights Law, Administrative Code 8-107-- Retaliation)

37. Based on the foregoing, plaintiff alleges that defendant unlawfully retaliated against him for engaging in the protected activity alleged hereinabove, in violation of the anti-retaliation provisions of the New York City Human Rights Law, Administrative Code 8-107.

## FOURTH CLAIM
### (ADEA - Age Discrimination)

38. Based on the foregoing, plaintiff alleges that defendant violated the Age Discrimination in Employment Act in refusing to hire him in whole or in part because of his age.

## FIFTH CLAIM
### (New York Executive Law 296– Age Discrimination)

39. Based on the foregoing, plaintiff alleges that defendant violated the New York Executive Law in refusing to hire him in whole or in part because of his age.

## SIXTH CLAIM
### (New York City Human Rights Law, Administrative Code 8-107-- Age Discrimination)

40. Based on the foregoing, plaintiff alleges that defendant violated the New York City Human Rights Law, Administrative Code 8-107, in refusing to hire him in whole or in part because of his age.

WHEREFORE, plaintiff seeks all relief to which he is entitled, including but not limited to a money judgment awarding economic, compensatory, and punitive damages, reinstatement, a statutory attorneys' fee, pre and post judgment interest, the costs and disbursements of this action, together with such further and additional relief as the Court deems just and proper.

Dated: New York, New York
    July 29, 2021

                                        MICHAEL G. O'NEILL

                                        _____
                                        Attorney for Plaintiff
                                        217 Broadway, Suite 306
                                        New York, New York 10007
                                        (212) 581-0990

**JURY DEMAND**

Plaintiff demands trial by jury in this action.

Dated: New York, New York
July 29, 2021

                              MICHAEL G. O'NEILL

                              _____
                              Attorney for Plaintiff
                              217 Broadway, Suite 306
                              New York, New York 10007
                              (212) 581-0990